884 F.2d 544
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenzo RIVERA, Willie J. Burgess, Jessie Davis, Ned Owen
Key, Larry Epps, Hubert Goodson, Gail Taylor Davis, Anthony
Crowder, Michael King, a/k/a Fat Man, Rudolph Arthur Gates,
Ray Eric Lee, Jay Davis, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman HARRIS, Robert Lee Price, Rudolph Arthur Gates,
Defendants-Appellants.
 Nos. 87-8108, 87-8173.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 8, 1989.
Rehearing and Rehearing En Banc Denied in No. 87-8108 Oct. 17, 1989.
 
 Robert L. Barr, U.S. Atty., Lawrence O. Anderson, Asst. U.S. Atty., Drug Task Force, Atlanta, Ga., for U.S.
 Jay L. Strongwater, Klein & Strongwater, Atlanta, Ga. (court-appointed), for Lorenzo Rivera.
 Thomas E. Spraley, Atlanta, Ga. (court-appointed), for Willie J. Burgess.
 Paul Sloniowskie, Atlanta, Ga. (court-appointed), for Jessie Davis.
 Paul H. Kehir, Snellville, Ga. (court-appointed), for Ned Owen Key.
 Mark V. Spix, Atlanta, Ga. (court-appointed), for Larry Epps.
 R.C. Cougill, Lilburn, Ga. (court-appointed), for Hubert Goodson.
 Patrick F. McMahon, Marietta, Ga. (court-appointed), for Gail Louise Davis.
 Edwin L. Hoffman, Legal Dept., Massachusetts Indem. & Life Ins. Co., Duluth, Ga. (court-appointed), for Michael King, a/k/a Fat Man.
 James W. Howard, Atlanta, Ga. (court-appointed), for Rudolph Arthur Gates.
 Michael R. Hauptman, Atlanta, Ga. (court-appointed), for Ray Eric Lee.
 Lenny Franco, Atlanta, Ga. (court-appointed), for Jay Davis.
 Eric G. Kocher, Kocher, Wilson, Korschun & Cobb, Atlanta, Ga., for Norman Harris.
 Howard Manchel, Manchel, Johnson, & Wiggins, Atlanta, Ga., for Robert Lee Price
 James W. Howard, Howard, Secret & Jones, P.A., Atlanta, Ga., for Norman Harris, Robert Lee Price and Rudolph Arthur Gates.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before TJOFLAT and KRAVITCH, Circuit Judges, and PAINE*, District Judge.
 TJOFLAT, Circuit Judge:
 
 
 1
 Willie Burgess was convicted in the district court of several offenses involving the trafficking of heroin. In a separate unpublished opinion issued this day, we have affirmed his convictions. In this opinion, which we publish because it adds to this circuit's precedent, we address Burgess' claim that the district court erred in forfeiting to the United States, under 21 U.S.C. Sec. 853 (Supp. IV 1986),[1] twenty-seven quarter horses, which, according to the jury's verdict, Burgess used to "facilitate" his drug trafficking.
 
 
 2
 The drug trafficking in this case took place near Covington, Georgia, and covered a period of five and one-half years, from January 1980 through September 1985. Lorenzo Rivera, who was convicted with Burgess, was the primary source of the drugs. Operating from his five-acre horse ranch, Rivera provided high purity heroin to two distribution networks. Burgess, a neighbor of Rivera's, also operated a horse ranch where he bred quarter horses. Burgess was at the center of one of the networks. Using his ranch as a front to hide his illicit activity, Burgess sold and distributed high purity heroin to several dealers in the area.
 
 
 3
 The Government sought forfeiture of Burgess' ranch, including twenty-seven quarter horses, on the theory that Burgess had used these assets to facilitate his sale and distribution of heroin.[2] The jury found for Burgess with respect to the ranch, but held against him with respect to the quarter horses.[3]
 
 
 4
 Burgess contends that his horses could not constitute property used to "facilitate" a drug transaction because the Government offered no proof at trial that his horses played a role in any of his trafficking activities. Drawing on the rule of lenity, see United States v. Enmons, 410 U.S. 396, 411, 93 S.Ct. 1007, 1015, 35 L.Ed.2d 379 (1973), Burgess urges us to construe strictly the language of the forfeiture statute and to interpret "facilitate" to mean the "physical use" of an asset in carrying out a drug transaction. Because we do not subscribe to such a narrow reading of the word "facilitate," as used in the forfeiture statute, we reject his contention.
 
 
 5
 The rule of lenity is merely a canon of statutory construction; it is inapplicable, however, when, as here, a clear legislative directive to the contrary exists. See United States v. Littlefield, 821 F.2d 1365, 1367 (9th Cir.1987). Subsection (o ) of the forfeiture statute provides that "[t]he provisions of [21 U.S.C. Sec. 853] shall be liberally construed to effectuate its remedial purposes." 21 U.S.C. Sec. 853(o )(Supp. IV 1987). The Supreme Court has interpreted identical language to require a broad construction of the forfeiture provisions of 18 U.S.C. Sec. 1963 (1982). See Russello v. United States, 464 U.S. 16, 27-29, 104 S.Ct. 296, 302-04, 78 L.Ed.2d 17 (1983).
 
 
 6
 We follow the Court's lead and hold that the term "facilitate," as used in section 853(a)(2), encompasses the situation presented here, in which Burgess' horse breeding business and the horses he had on hand were used as a cover for his drug trafficking activities. Burgess used the ranch's telephone to transact most of his drug business. Tape recordings of his telephone conversations, which the Government monitored pursuant to a court-ordered wiretap, revealed that, in buying heroin from Rivera and arranging for its distribution to the dealers, Burgess used, as code words, the same words that he used in conducting his horse business, such as "horses," "halters," "bales of hay," and "lead lines." A jury could have found beyond a reasonable doubt that the horse business was simply a front for Burgess' drug trafficking, a device that might help him avoid detection. We conclude that, given the court's instructions, the jury made such a finding, and that the finding provided a sufficient basis for the forfeiture of the horses. See United States v. One 1977 Lincoln Mark V. Coupe, 643 F.2d 154, 157 (3d Cir.) (automobile held to be subject to forfeiture even though it was not used to transport or conceal a controlled substance because "[t]he presence of the automobile with its hood up provided a convenient cover whereas two men alone in an alley might have appeared suspicious"), cert. denied, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981).
 
 The judgment of forfeiture is
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable James C. Paine, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 Section 853 provides in pertinent part:
 (a) Property subject to criminal forfeiture
 Any person convicted of [violating the federal narcotics laws] shall forfeit to the United States, irrespective of any provision of State law--
 ....
 (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation....
 21 U.S.C. Sec. 853(a)(2) (Supp. IV 1986) (emphasis added).
 
 
 [2]
 The indictment alleged that Burgess also used certain other assets to facilitate his illicit activity and thus sought forfeiture of these assets as well. The jury declined to find that such was the case, and accordingly the assets were not forfeited. As indicated in the text, only the twenty-seven quarter horses were forfeited
 
 
 [3]
 The effective date of the forfeiture statute was October 12, 1984. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Sec. 303, 98 Stat. 2044. Thus, the court instructed the jury that to declare any of Burgess' assets forfeited to the United States, it had to find that he used such assets to facilitate his drug trafficking activity after that effective date