895 F.2d 987
 UNITED STATES of America, Plaintiff-Appellee,
v.
H. Allan SCHIFFERLI; Ann G. Schifferli, Claimants-Appellants,
and
One Piece of Real Property, Located on Trafalgar Street in
the City and County of Aiken, South Carolina, with
all improvements thereon, and with all
rights and easements
appertaining; Defendant,
George Crawford, Claimant.
 No. 88-7826.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 4, 1989.
Decided Feb. 12, 1990.
 
 Andrew Hoyt Rowell, III, Charleston, S.C., (Ness, Motley, Loadholt, Richardson & Poole, Barnwell, S.C., on brief), for claimants-appellants.
 John Berkley Grimball, II, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for plaintiff-appellee.
 Before PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 CHAPMAN, Circuit Judge:
 
 
 1
 The issue is whether Dr. H. Allan Schifferli's ("Schifferli") property, consisting of an office building and land, was substantially connected to the commission of several drug offenses, of which he was convicted, making such property forfeitable to the United States under 21 U.S.C. Sec. 881(a)(7) (West 1987). The district court, 700 F.Supp. 857, held that this property facilitated Schifferli's crimes and was thus forfeitable. We affirm.
 
 
 2
 * The subject realty is a rectangular lot (150' X 100') located at 117 Trafalgar Street, S.W., Aiken, South Carolina. On the lot is a building containing dentist offices and equipment. Dr. Schifferli and Ann G. Schifferli, his wife, acquired fee simple title to the property on February 27, 1968, and Mrs. Schifferli deeded her interest to Dr. Schifferli on June 1, 1970. Dr. Schifferli used the property to practice dentistry, sharing the premises with another dentist, George Crawford, under a verbal lease arrangement. After the property was seized by the United States, Crawford entered into a written month-to-month lease with the U.S. Marshal. On November 26, 1986, Dr. Schifferli was convicted of conspiracy to illegally distribute and dispense certain prescription drugs in violation of 21 U.S.C. Sec. 846, and of over two hundred counts of illegally distributing and dispensing quantities of controlled substances in violation of 21 U.S.C. Secs. 841(a)(1) and 845(a), all punishable by more than one year's imprisonment. United States v. H. Allan Schifferli, D.M.D., et al., Criminal No. 86-220 (D.S.C.1986). The record reveals that from within his dentist office Dr. Schifferli engaged in illegal dealings with at least eight individuals on over forty different occasions from September 10, 1984, to June 21, 1985. Most of his illegal actions were conducted off the premises, and involved Dr. Schifferli illegally writing the prescriptions, delivering them, and receiving money. The appeal of his criminal conviction was unavailing, and Dr. Schifferli is now incarcerated.
 
 
 3
 This in rem forfeiture action was filed on January 13, 1988. In response, Dr. Schifferli filed a claim of ownership and an answer to the complaint. Mrs. Schifferli filed a motion to be allowed to appear and plead in this action. At a hearing held on February 26, 1988, the district court ruled that the government had probable cause to seize and hold the property pendente lite; the court also granted Mrs. Schifferli's motion. Both parties moved for summary judgment, and the district court granted the government motion and denied Dr. Schifferli's motion, holding that because Dr. Schifferli's property facilitated the commission of his crimes, it was forfeitable under 21 U.S.C. Sec. 881(a)(7). The court also found that neither Mrs. Schifferli nor George Crawford had standing.
 
 II
 
 4
 Title 21, United States Code, Section 881(a)(7) provides in pertinent part:
 
 
 5
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 
 
 6
 . . . . .
 
 
 7
 (7) All real property, including any right, title, and interest (including leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment....
 
 
 8
 The record clearly indicates that Dr. Schifferli was convicted of several violations of Title 21, specifically Secs. 841(a)(1), 845(a), and 846, all of which are punishable by more than one year's imprisonment. Dr. Schifferli* claims, however, that his dentist office and land was not "used, or intended to be used ... to commit or to facilitate the commission" of these violations. We disagree.
 
 
 9
 To clarify what constitutes "use" or "facilitation," this Court recently extended the test established for 21 U.S.C. Sec. 881(a)(4) in United States v. 1966 Beechcraft Aircraft Model King Air, 777 F.2d 947, 953 (4th Cir.1985), explaining that "for property to be forfeitable under 21 U.S.C. Sec. 881(a)(7), there must be a substantial connection between the property and the underlying criminal activity." United States v. 26.075 Acres, Located in Swift Creek Township, 687 F.Supp. 1005 (E.D.N.C.1988), aff'd sub nom. United States v. Santoro, 866 F.2d 1538, 1542 (4th Cir.1989). See also United States v. 30.80 Acres, Located in Bruce Township, Guilford County, N.C., 665 F.Supp. 422, 424 (M.D.N.C.1987), aff'd sub nom. United States v. Reynolds, 856 F.2d 675 (4th Cir.1988); United States v. Certain Lots in the City of Virginia Beach, Virginia, 657 F.Supp. 1062, 1064 (E.D.Va.1987).
 
 
 10
 Dr. Schifferli asserts that Congress intended to require that the property play an "integral part" in facilitating illegal activity before forfeiture is permitted, citing the following Senate Report on the proposed Comprehensive Crime Control Act of 1984, which explains Congress' motivation in passing Sec. 881(a)(7):
 
 
 11
 Under current law, if a person uses a boat or car to transport narcotics or uses equipment to manufacture dangerous drugs, his use of property renders it subject to civil forfeiture. But if he uses a secluded barn to store tons of marijuana or uses his house as a manufacturing laboratory for amphetamines, there is no provision to subject his real property to civil forfeiture even though its use was indispensable to the commission of a major drug offense and the prospect of the forfeiture of the property would have been a powerful deterrent.
 
 
 12
 S.Rep. No. 225, 98th Cong., 1st Sess. 195, reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3378 (emphasis added). Dr. Schifferli also refers to U.S. v. Twelve Thousand Five Hundred Eighty Five and No/100ths Dollars ($12,585.00) in U.S. Currency, 669 F.Supp. 939, 943 (D.Minn.1987), where the court declined to find a substantial connection between the claimant's house and the illegal activity, in part because the government failed to show that claimant's home was "an intergral [sic] part of an illegal drug operation."
 
 
 13
 Dr. Schifferli's argument falls short for two reasons. First, the language of the Senate Report does not mark a threshold for the triggering of Sec. 881(a)(7), as Dr. Schifferli implies. On the contrary, it simply shows the egregious nature of the loophole--the inability of the government to reach real property in forfeiture proceedings--that Congress was seeking to fill in passing Sec. 881(a)(7). See also Certain Lots, 657 F.Supp. at 1065 ("Sec. 881(a)(7) does not require that forfeited property be 'indispensable to the commission of a major drug offense'...."). Second, the holding of $12,585 in U.S. Currency was expressly reversed and its analysis repudiated by the Eighth Circuit in United States v. Premises Known as 3639-2nd St., N.E., Minneapolis, Minnesota, 869 F.2d 1093, 1095-97 (8th Cir.1989).
 
 
 14
 Dr. Schifferli also urges that we distinguish between forfeiture of personal property and forfeiture of real property, citing Certain Lots. However, Dr. Schifferli misstates the scope of this principle: "[The] Courts have traditionally drawn a distinction between one's personal property and one's home, according the latter far greater protection under the law...." Certain Lots, 657 F.Supp. at 1065, citing South Dakota v. Opperman, 428 U.S. 364, 367-68, 96 S.Ct. 3092, 3096-97, 49 L.Ed.2d 1000 (1976) (emphasis added). The distinction is irrelevant here, because the real property forfeited is Dr. Schifferli's office, not his home. Even so, we would decline to grant special treatment in this case because of Congress' unequivocal intent to allow forfeiture of all kinds of real property in order to strip drug dealers of their economic power. See Santoro, 866 F.2d at 1542-43 ("[W]e cannot sanction a rule that gives favored protection to drug dealers who choose to deal directly from their homes.").
 
 
 15
 Under the substantial connection test, the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime. At minimum, the property must have more than an incidental or fortuitous connection to criminal activity. Still, the language of Sec. 881(a)(7) makes clear that it is irrelevant whether the property is even used at all in the commission of a crime, so long as it is intended to be used. See 26.075 Acres, 687 F.Supp. at 1017 ("[It is irrelevant] whether the property actually is occupied or physically employed in order to engage in a[n illegal activity], or whether its use or occupation merely is offered to induce another to do so."). It is also irrelevant whether the property's role in the crime is integral, essential or indispensable. The term "facilitate" implies that the property need only make the prohibited conduct "less difficult or 'more or less free from obstruction or hindrance.' " 3639-2d St., 869 F.2d at 1096, citing United States v. One 1977 Mark V Coupe, 643 F.2d 154, 157 (3d Cir.1981), cert. denied, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1982). Just one use of the property may be enough, given that a single violation is sufficient under Sec. 881(a)(7). See Santoro, 866 F.2d at 1542 ("Congress has determined that a single felony drug violation is all that is necessary to trigger 21 U.S.C. Sec. 881(a)(7)") (emphasis in original); 3639-2d St., 869 F.2d at 1096 ("[W]e find no requirement of a continuing drug business or ongoing operation.").
 
 
 16
 Applying these standards to the facts at hand, we hold that there was a substantial connection between Dr. Schifferli's office building and his drug offenses. Dr. Schifferli was convicted of illegally distributing and dispensing controlled substances by writing prescriptions that lacked legitimate medical purposes. Dr. Schifferli used his dentist office over forty times during a four-month period to write illegal prescriptions for eight individuals. Dr. Schifferli's dentist office was hardly incidental to these illegalities; on the contrary, it provided an air of legitimacy and protection from outside scrutiny, precisely because a dentist office is where prescriptions are usually written. Thus, the office was actually used in the course of his crimes and made the crimes "more or less free from obstruction or hindrance."
 
 
 17
 This case admittedly differs from the typical factual setting for Sec. 881(a)(7) forfeitures, in which a drug dealer uses real property, often a home, to store or sell illegal drugs. However, this difference strengthens, not weakens, our holding. In Santoro, 30.80 Acres, and 3639-2d St., forfeiture was upheld, even though the function of the property was entirely unrelated to the illegalities committed. Here, the function of the property--a dentist office--is directly related to Dr. Schifferli's illegal writing of prescriptions. If Dr. Schifferli did not have a dentist office, he could not hold himself out as a dentist and would not have had the ability to write illegal prescriptions. Dr. Schifferli emphasizes that the vast majority of the activity on the subject property was the legitimate practice of dentistry and that only twenty percent of the illegal prescriptions were written on the property. This argument overlooks the fact that in virtually all cases, the property subject to forfeiture also has legitimate uses. Section 881(a)(7) would be eviscerated if the presence of any legitimate use for the property defeated forfeiture. Dr. Schifferli also asserts that his dentist practice and license are the true facilitator of his crimes, not the property. While Dr. Schifferli's practice and license obviously enabled him to write illegal prescriptions, they do not preclude the fact that his office also facilitated the commission of his crimes. Again, acceptance of Dr. Schifferli's argument would greatly reduce the scope of forfeiture under Sec. 881, because, as the district court explained, such logic would allow the owner of an airplane transporting contraband to escape forfeiture on the grounds that the pilot's license, not the airplane, facilitated the illegality.
 
 
 18
 Case law amply supports this holding. In Santoro, this Court upheld the forfeiture of claimant's farm used as a situs for conducting four drug sales even though the sales were small (totaling 12.8 grams of cocaine) and there was no evidence that illegal drugs were ever stored or manufactured on the property. Likewise, in 1966 Beechcraft, this Court affirmed the forfeiture under Sec. 881(a)(4) of an aircraft used only once to transport two co-conspirators to the site of a cocaine sale, notwithstanding the fact that the plane served other legitimate uses. Dr. Schifferli places great weight on Certain Lots, where the court declined to order forfeiture and granted summary judgment in favor of the claimant. However, that case arose from a disparate set of facts involving the use of a home for a single sale of cocaine, which was not stored in the home but was present in the home for only a few hours, to a federal agent who insisted that the sale take place at the home.
 
 
 19
 Cognizant of the severity of forfeiture, however, we do not hold that any writing of an illegal prescription on a given property automatically renders the property forfeitable. Instead, we believe that the facts of each case will determine whether forfeiture is appropriate. In this case, the direct and continuing relationship between the property and the crimes easily supports a finding of forfeiture under Sec. 881(a)(7).
 
 
 20
 AFFIRMED.
 
 
 
 *
 Mrs. Schifferli appeals the district court's denial of standing, arguing that she has an equitable interest in the property under South Carolina's Equitable Apportionment Act. Section 20-7-471 of this Act states that "[d]uring the marriage a spouse shall acquire ... a vested special equity and ownership right in the marital property as defined in Sec. 20-7-473...." S.C.Code Ann. Sec. 20-7-471 (Law Co-op. 1986). However, while this "ownership right" is acquired during marriage, "marital property" does not exist until "the date of filing or commencement of marital litigation...." S.C.Code Ann. Sec. 20-7-473. Consequently, "[t]he 'ownership right' in 'marital property' ... cannot attach until that property is created by the filing of marital litigation." Prosser v. Pee Dee State Bank, 295 S.C. 212, 214, 367 S.E.2d 698, 700 (1988). Since Mrs. Schifferli has not filed or commenced marital litigation, she has no interest in the property at stake. Thus, her claim of standing fails