UNITED STATES of America, Plaintiff,

v.

ONE LOT JEWELRY, ONE 1987 MERCEDES BENZ SEDAN (VIN WDBEA26DXHA549914, and $6,763 IN UNITED STATES CURRENCY, Defendant.

No. C–C–89–314–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 22, 1990.

B. Frederick Williams, Jr., Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Carrie Graves, Charlotte, N.C., pro se.

Keith M. Stroud, James H. Carson, Jr., James F. Wyatt, III, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiff United States of America's (hereinafter "the Government") motions, filed August 24, 1990, for summary judgment and the entry of default judgment. The Government also filed a brief in support of the motions on August 24, 1990. Neither of the claimants, Belton Lamont Platt (hereinafter "Claimant B. Platt") or Delores Platt (hereinafter "Claimant D. Platt"), filed a response to the motions.

## I. PROCEDURAL AND FACTUAL BACKGROUND.

The Court has carefully reviewed the record in this matter. On July 9, 1989, the Government filed its verified complaint seeking forfeiture of the Defendant property as proceeds of drug trafficking activities in violation of 21 U.S.C. § 801 *et seq.*, and on the basis that Claimant B. Platt had used the property to facilitate in the distribution of cocaine. The Defendant property is thirteen (13) items of gold jewelry with an appraised value of $102,650.00 (hereinafter "jewelry"), a 1987 Mercedes Benz automobile with an appraised value of $23,-500.00 (hereinafter "automobile"), and 6,763.00 in United States currency (hereinafter "currency"). United States Magistrate Paul B. Taylor, on August 9, 1989, found probable cause existed for the arrest of the property and subsequently issued an arrest warrant. Thereafter, the United

States Marshal Service effectuated the arrest of Defendant property.

On August 25, 1990, Claimant B. Platt made a claim of ownership on the currency and the jewelry, and Claimant D. Platt made a claim on the automobile.[1] Claimant B. Platt, on August 25, 1989, moved to dismiss on the ground that the complaint did not allege probable cause and for a protective order to preclude discovery until after completion of his pending drug trafficking criminal trial. The Government moved on October 6, 1989 for an order to compel compliance of the Claimants with discovery requests.

On November 7, 1989, Magistrate Taylor filed a Memorandum and Recommendation (hereinafter "M & R") recommending that the Court deny the motion to dismiss. The Court affirmed and adopted the Magistrate's recommendations on January 8, 1990. Claimant B. Platt failed to file within 10 days after the Court denied his motion to dismiss an answer to the complaint as provided in Rule 12(a)(1) of the Federal Rules of Civil Procedure. Claimant B. Platt has not filed an answer at any time to the complaint.

As to Claimant B. Platt's motion for a protective order, Magistrate Taylor entered a M & R on November 13, 1989 that recommended that the Court direct Claimant B. Platt to respond to all discovery requests which did not incriminate him, that discovery not be restricted with regard to any other party, and that within thirty (30) days of a finding of guilt or dismissal in the criminal case that Claimant B. Platt respond to all discovery requests that he previously claimed incriminated him. The Court, on February 7, 1990, accepted and adopted the recommendations of the Magistrate. A Judgment and Commitment order was filed on June 11, 1990 in the criminal procedure in which Claimant B. Platt re-

ceived a term of imprisonment of 290 months.

In addition to not filing an answer in this matter, Claimant B. Platt has failed to respond to any of the Government's discovery requests as directed by this Court. Claimant D. Platt has failed to file an answer to the complaint and to respond to the Government's discovery requests.

## II. APPLICABLE LEGAL STANDARD.

The Government has moved for summary judgment. Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Rule 56(c) of the Federal Rules of Civil Procedure. The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see* F.R. Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). When considering motions for summary judgment, courts must view facts and inferences in a light most favorable to the party opposing the motion for summary judgment. *Matsushi-*

---

1. Claimant D. Platt is the wife of Claimant B. Platt. Both Claimants, along with Carrie Graves, were listed in the complaint as persons that might have an interest in Defendant property. Each of the three persons were served with copies of the complaint. The Government also caused to be published in *The Mecklenburg*

*Times* for three weeks a notice directing those persons with a claim in Defendant property to so make it.

As indicated herein, only Claimant B. Platt and Claimant D. Platt made claims on the Defendant property. The Court is unaware of any other persons that have claims in this property.

*ta,* 475 U.S. at 587–88, 106 S.Ct. at 1356–57; *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

In order to prevail in its motion for summary judgment, the Government must show that it is entitled to judgment as a matter of law. The applicable law addressing the forfeiture of property that has been used in connection with drug trafficking is found at Title 21, United States Code, section 881. That statute provides in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including ... vehicles .. which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale receipt, possession or concealment of property described in paragraph (1) or (2) ...

(6) All moneys ... or things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... to be used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.

(b) Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules For Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property ...

The procedure for a claimant attempting to assert a claim in forfeited property is found at Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. That rule provides:

(6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed ... and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action ...

The burden of proof on standing is on the claimant. *See* 19 U.S.C. § 1615 (stating that, "[I]n all suits or actions ... brought for the forfeiture of any vessel (or) vehicle ... where the property is claimed by any person, the burden of proof shall lie upon such claimant"). A claimant "[m]ust be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement ... This principle applies to all forfeitures". *United States v. $321,470,* 874 F.2d 298, 302 (5th Cir.1989).

Once a claimant has established standing, the burden of proof is placed on the government to establish probable cause for belief that a substantial connection exists between the forfeited property and the criminal activity defined in 21 U.S.C. § 881. *See United States v. B & M Used Cars,* 860 F.2d 121, 124 (4th Cir.1988); *Boas v. Smith,* 786 F.2d 605, 609 (4th Cir.1986). The definition of probable cause in a forfeiture context is the same as that used in connection with an application for a search warrant or a warrantless arrest. *See generally United States. v. Premises Known as 3639–2nd St., N.E.,* 869 F.2d 1093, 1095 (8th Cir.1989). One court as defined probable cause in a forfeiture action as meaning, "[R]easonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $364,900.00 in U.S. Currency,* 661 F.2d 319, 323 (5th Cir. Unit B 1981).

Evidence sufficient to shift the burden to claimants in a forfeiture proceeding need not provide conclusive proof, however, but rather a reasonable ground for belief. *Id.* at 324. As in other contexts, the determination of probable cause is one for the court and not the jury. *See United States v. $93,685.61,* 730 F.2d 571, 572 (9th Cir. 1984).

■ The Fourth Circuit has held that evidence of a single drug transaction, even though of a small quantity and not a part of a continuing drug business or ongoing operation, is sufficient to establish probable cause for forfeiture. *See United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990). It is proper for a district court to examine the discrepancies in a claimant's legitimate income and the cost of acquired forfeited property in determining whether probable cause exists that the property was the proceeds of drug related activities. *See In re One 1985 Nissan,* 889 F.2d 1317, 1319 (4th Cir.1989).

■ Once the government has met its burden of showing probable cause, the burden shifts to the claimant to establish by a preponderance of the evidence that the forfeited property was not used in violation of the law or was not intended to be used unlawfully. *See Boas,* 786 F.2d at 609. An unrebutted showing of probable cause

to believe that the property was exchanged for or intended to be exchanged for illegal controlled substances is sufficient *by itself* to warrant a forfeiture. *United States v. $5,644,540.00 in U.S. Currency,* 799 F.2d 1357, 1362 (9th Cir.1986); *see also United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983). In other words, if a claimant fails to respond once the government has shown probable cause existed, forfeiture is warranted without further findings by the court.

## III. DISCUSSION.

■ In this case, the Court believes that the Government has established probable cause that a substantial connection exists between the forfeited property and the criminal activity.[2] When Magistrate Taylor issued the Warrant for Arrest *in rem,* he found that there existed probable cause to believe that the Defendant property was forfeitable because of its use in violation of controlled substance laws and because it constituted proceeds from such violations. Moreover, the Court has also found probable cause existed in this case in the Order of January 8, 1990 affirming the recommendation of the Magistrate to deny Claimant B. Platt's motion to dismiss.

The Court has also reviewed the affidavit of FBI Special Agent Caylor that is at-

---

2. The Government has urged the Court to find that the Claimants have failed to establish standing. In support of the argument, the Government states that Claimant B. Platt when arrested initially denied ownership in the currency and jewelry. Moreover, the Government contends that Claimant D. Platt gave evasive and implausible answers to the FBI regarding ownership of the automobile. The Government further states that both Claimants have failed to comply with discovery requests and that such a failure indicates that the Claimants have not met their burden of proof that they have standing.

The Court is uncertain whether this argument is meritorious. It is certainly understandable to the Court why Claimant B. Platt and Claimant D. Platt would deny ownership of Defendant property shortly after Claimant B. Platt's arrest. However, by filing a claim to the property, the Claimants apparently attempted to remedy their earlier denial of ownership. In its brief, the Government states, "[C]laimant(s) asserted ... ownership in their claim". *The Government's Brief,* filed August 24, 1990 at 27. Earlier, the Government argued, "Only owners have stand-

ing to challenge a forfeiture action under 21 U.S.C. § 881." *Id.* at 11 (citation omitted). While the Court does not believe that an unsupported claim of ownership is sufficient for a claimant to carry its burden of showing standing, the Court does believe that in this case the verification attached to the claims indicates that the Claimants have come close to meeting their burden.

The Government has failed to cite any legal authority in support of the argument that the Claimants failure to participate in the discovery process indicates that they have failed to establish standing. The Court believes that this argument is better made in support of the Government's argument that the Claimants have failed to show that the property was innocently acquired.

Resolution of the standing issues is immaterial based on the Court's conclusion *infra.* that the Claimants have failed to carry their burden in establishing innocent ownership of the property. Therefore, the Court declines to decide whether or not the Claimants had standing.

tached to the Government's motion for summary judgment. The Court is very familiar with the contents of the affidavit having presided over the criminal trial of Claimant B. Platt. The evidence from the trial demonstrated that Claimant B. Platt was a large scale drug dealer. During the tax years of 1987 and 1988, Claimant B. Platt filed a joint return with Claimant D. Platt that indicated income of less than $35,000.00 for the two year period. However, evidence at trial was produced that indicated Claimants maintained an extravagant life style that included the purchase of several residences, an interest in a restaurant, the purchase of several automobiles, the purchase of the jewelry, and the possession of the currency. Claimant B. Platt was unable at trial to provide a logical explanation for the discrepancy between his reported income and his assets. The jury, in considering this and other evidence, concluded that the discrepancy was a result of Claimant B. Platt's drug dealing activities.

Other evidence at trial indicated Claimant B. Platt used the automobile at issue in this matter to transport drugs. The evidence at trial also indicated the jewelry was utilized by Claimant B. Platt to enhance his status in the drug community and to launder drug proceeds. The currency was used by Claimant B. Platt to facilitate drug transactions.

Based on this evidence, the Court concludes that the Government has overwhelmingly carried its burden of establishing probable cause that a substantial connection exists between the forfeited property and Claimant B. Platt's criminal activities. Claimant D. Platt, as the wife of Claimant B. Platt, cannot obtain good title to the proceeds from drug related activity. *See In re One 1985 Nissan*, 889 F.2d 1317, 1320–21 (4th Cir.1989).

The Claimants have utterly failed to carry their burden of establishing by a preponderance of the evidence that the forfeited property was not used in violation of the law or was not intended to be used unlawfully. Claimants have not produced any evidence. Both Claimants have failed to answer the complaints and respond to discovery requests. Moreover, Claimants have failed to respond to the Government's motion for summary judgment. Accordingly, the Court concludes that the Claimants have abandoned their claim to the Defendant property and concede that the property was used to facilitate Claimant B. Platt's drug trafficking activities or that the property is traceable as drug trafficking proceeds.

Based on the failure of Claimants to rebut the Government's showing of probable cause, the Court holds that the Government's motion for summary judgment is meritorious and that the Government is entitled to an entry of default against the Claimants.

## IV. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that the Government's motions for summary judgment and the entry of default judgment be, and hereby are, GRANTED.

## JUDGMENT

In accordance with the Order entered simultaneously with this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED that:

(1) The Plaintiff United States of America's motions for summary judgment and for entry of default judgment are GRANTED; (2) The Defendant property and all rights, title, or interest in or to the Defendant property is hereby forfeited to Plaintiff United States of America, and no other right, title, or interest shall exist therein to Claimants Belton Lamont Platt, Delores Platt, or the world; (3) The United States Marshal is hereby directed to dispose of the forfeited Defendant property as provided by law; and (4) The Plaintiff United States of America and the Claimants Belton Lamont Platt and Delores Platt shall each pay its, his and her own costs.