UNITED STATES of America, Plaintiff,

v.

$148,215.00 IN UNITED STATES
CURRENCY, Defendant.

No. C–C–91–60–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 30, 1991.

Frank D. Whitney, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Michael H. McGee, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on the motion of Plaintiff United States of America (hereinafter "the Government"), filed 12 June 1991, for summary judgment. On that same date, the Government also filed a memorandum of law in support of its motion. On 11 July 1991, the Court granted the claimant, Miguel Angel Abreu, an seven-day extension of time in which to respond to the Government's motion. Despite this extension, the claimant has not responded to this motion.

## I. PROCEDURAL AND FACTUAL BACKGROUND.

On 22 February 1991, the Government filed a verified complaint seeking forfeiture of the Defendant property as proceeds of drug trafficking activities and/or as property used to facilitate illegal drug trafficking. The Defendant property is $148,-215.00 in United States currency. United States Magistrate Paul B. Taylor, also on 22 February 1991, found probable cause existed for the arrest of the property. Accordingly, on that same date, Magistrate Judge Taylor issued an warrant of arrest *in rem* for the Defendant property. Pursuant to this warrant, the United States Marshal Service caused the arrest of the Defendant $148,215.00.

Subsequently, on 20 May 1991, Miguel Angel Abreu filed a verified claim of ownership on the currency. Further, on 7 June 1991, the claimant filed an answer to the Government's complaint. On 9 July 1991, Eben T. Rawls III and Joseph L. Ledford,

attorneys representing the claimant, moved for permission to withdraw as counsel of record. On 10 July 1991, the Court allowed their withdrawal. The following day, 11 July 1991, the claimant, by and through newly retained counsel, moved for the Court to enter an Order directing the Government to deposit the Defendant property into interest bearing accounts for the benefit of the claimant and to provide an accounting to the claimant. The Court, on that same day, denied the claimant's motion.

## II. APPLICABLE LEGAL STANDARD.

The Government has moved for summary judgment. Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Rule 56(c) of the Federal Rules of Civil Procedure. The Party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see* F.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). When considering motions for summary judgment, courts must view facts and inferences in a light most favorable to the party opposing the motion for summary judgment. *Matsushita*, 475 U.S. at 587–88, 106 S.Ct. at 1356–57; *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176

(1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

In order to prevail in its motion for summary judgment, the Government must show that it is entitled to judgment as a matter of law. The applicable law addressing the forfeiture of property that has been used in connection with drug trafficking is found at Title 21, United States Code, section 881. That statute provides in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of property described in paragraph (1) or (2) ...

(6) All moneys ... or things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... to be used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without knowledge or consent of that owner.

(b) Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules For Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property ...

The procedure for a claimant attempting to assert a claim in forfeited property is found at Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. That rule provides:

(6) Claim and Answer; Interrogatories. The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed ... and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action ...

The burden of proof on standing is on the claimant. *See* 19 U.S.C. § 1615 (stating that, "[I]n all suits or actions ... brought for the forfeiture of any vessel (or) vehicle ... where the property is claimed by any person, the burden of proof shall lie upon such claimant"). A claimant "[m]ust be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement ... This principle applies to all forfeitures". *United States v. $321,470*, 874 F.2d 298, 302 (5th Cir.1989).

Once a claimant has established standing, the burden of proof is placed on the government to establish probable cause for belief that a substantial connection exists between the forfeited property and the criminal activity defined in 21 U.S.C. § 881. *See United States v. B & M Used Cars*, 860 F.2d 121, 124 (4th Cir.1988); *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir.1986). The definition of probable cause in a forfeiture context is the same as that used in connection with an application for a search warrant or a warrantless arrest. *See generally United States v. Premises Known as 3639–2nd St., N.E.*, 869 F.2d 1093, 1095 (8th Cir.1989). One court has defined probable cause in a forfeiture action as meaning, "[R]easonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. Unit B 1981). Evidence sufficient to shift the burden to claimants in a forfeiture proceeding need not provide conclusive proof,

however, but rather a reasonable ground for belief. *Id.* at 324. As in other contexts, the determination of probable cause is one for the court and not the jury. *See United States v. $93,685.61,* 730 F.2d 571, 572 (9th Cir.), *cert. denied,* 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 61 (1984).

The Fourth Circuit has held that evidence of a single drug transaction, even though of a small quantity and not a part of a continuing drug business or ongoing operation, is sufficient to establish probable cause for forfeiture. *See United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990). It is proper for a district court to examine the discrepancies in a claimant's legitimate income and the cost of acquired forfeited property in determining whether probable cause exists that the property was the proceeds of drug related activities. *See In re One 1985 Nissan,* 889 F.2d 1317, 1319 (4th Cir.1989).

Once the government has met its burden of showing probable cause, the burden shifts to the claimant to establish by a preponderance of the evidence that the forfeited property was not used in violation of the law or was not intended to be used unlawfully. *See Boas,* 786 F.2d at 609. An unrebutted showing of probable cause to believe that the property was exchanged for or intended to be exchanged for illegal controlled substances is sufficient *by itself* to warrant a forfeiture. *United States v. $5,644,540.00 in U.S. Currency,* 799 F.2d 1357, 1362 (9th Cir.1986); *see also United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983). In other words, if a claimant fails to respond once the government has shown probable cause existed, forfeiture is warranted without further findings by the court.

## III. DISCUSSION.

In this case, the Court believes that the Government has established probable cause that a substantial connection exists between the forfeited property and the criminal activity. In issuing the Warrant for Arrest *in rem,* the Magistrate Judge determined that there existed probable cause to believe that the Defendant property was forfeitable because of its use in the violation of controlled substance laws and/or because it constituted proceeds of such violations.

Moreover, the Court has reviewed the affidavit of DEA Special Agent John A. Boone attached to the Government's complaint. It demonstrates that the Defendant property was found throughout the claimant's apartment along with cocaine and assorted tools of the drug trafficking trade.

In contrast, the claimant has failed to meet his burden of establishing by a preponderance of the evidence that the forfeited property was not used in violation of the law or was not intended to be used unlawfully. The claimant has neither produced evidence nor responded to the Government's motion for summary judgment. Accordingly, the Court concludes that the claimant has abandoned his claim to the Defendant property and concede that the property was used to facilitate claimant Miguel Angel Abreu's drug trafficking activities or that the property is traceable as drug trafficking proceeds.

Based on the failure of the claimant to rebut the Government's showing of probable cause, the Court holds that the Government's motion for summary judgment is meritorious and that the Government is entitled to an entry of default against the claimant.

## IV. ORDER OF THE COURT.

NOW, THEREFORE, IT IS ORDERED that the Motion of the United States for Summary Judgment be, and hereby is, GRANTED.

### JUDGMENT

In accordance with the Order entered simultaneously with this Judgment,

IT IS ORDERED, ADJUDGED, AND DECREED that: ·

(1) The Motion of Plaintiff United States of America for Summary Judgment be, and hereby is, GRANTED;

(2) The Defendant Property and all rights, title, or interest in or to the Defen-

dant Property is hereby forfeited to Plaintiff United States of America, and no other right, title, or interest shall exist therein to Claimant Miguel Angel Abreu or the world;

(3) The United States Marshal is hereby directed to dispose of the forfeited Defendant Property as provided by law;

(4) The Plaintiff United States of America shall pay its own costs; and

(5) The Claimant Miguel Angel Abreu shall pay his own costs.