UNITED STATES of America

v.

Toros SEHER, a/k/a Torrez, Chaplin's, Inc., and Chaplin's Midtown, Inc.

Criminal Action No. 1:06–cr–322–TCB.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 17, 2007.

Toros Seher, Atlanta, GA, pro se.

Wilmer Parker, III, Maloy Jenkins Parker, Atlanta, GA, for Toros Seher.

Evan Weitz, Jenny R. Turner, J. Gabriel Banks, United States Attorney's Office, Atlanta, GA, for United States of America.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This case went to trial on February 12, 2007. On February 22, 2007, the jury found: (1) Defendant Toros Seher guilty of a money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (count one of the superseding indictment) and three specific instances of money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) and (C) (counts two, four and six); (2) Defendant Chaplin's, Inc. guilty of money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) and (C) (count two); and (3) Defendant Chaplin's Midtown, Inc. guilty of money laundering in violation of 18 U.S.C. § 1956(a)(3)(B) and (C) (counts four and six).

Additionally, at the close of the Government's case, Defendants pled guilty to corresponding violations of the Bank Secrecy Act ("BSA") for failure to file Form 8300s. Specifically, (1) Defendant Seher pleaded guilty to corresponding offenses under the BSA for failure to file a Form 8300 in violation of 31 U.S.C. § 5324 (counts three, five, and seven); (2) Defendant Chaplin's, Inc. pled guilty to the corresponding BSA offense in violation of 31 U.S.C. § 5324 (count three); and (3) Defendant Chaplin's Midtown, Inc. pled guilty to the corresponding BSA offenses in violation of 31 U.S.C. § 5324 (counts five and seven).

Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the Government now moves for a preliminary order of forfeiture consisting of the following: (1) a money judgment against Defendant Seher in the amount of $1,610,400; (2) forfeiture of the real property located at 213 16th Street, Apt. 2, Atlanta, Georgia; (3) forfeiture of all bank accounts and inventory of the corporate entities seized on or about July 26, 2006; and (4) a money judgment against Defendants Seher, Chaplin's, Inc. and Chaplin's Midtown, Inc. in the amount of $54,800.[1]

In sentencing a person convicted of a money laundering offense, the court "shall

---

1. The superseding indictment contained a forfeiture provision listing the above assets as subject to forfeiture upon conviction.

order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). Likewise, 31 U.S.C. § 5317(c)(1)(A) requires that "[T]he court in imposing sentence for any violation of section ... 5324 of this title ... shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto." Thus, forfeiture is a mandatory part of a defendant's sentence.

■ Because forfeiture is part of a defendant's sentence, the Government need only prove forfeiture by a preponderance of the evidence. *See United States v. Cabeza,* 258 F.3d 1256, 1257–58 (11th Cir. 2001); *United States v. Dicter,* 198 F.3d 1284, 1289 (11th Cir.1999). In carrying this burden, the Government need only demonstrate a nexus between the property sought for forfeiture and the crime for which the defendant was convicted.[2]

■ Additionally, courts have broadly interpreted the phrase "involved in the offense" to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Puche,* 350 F.3d 1137, 1153 (11th Cir.2003) (quoting *United States v. Bornfield,* 145 F.3d 1123, 1135 (10th Cir.1998)). To facilitate the offense, the property need only make the prohibited conduct less difficult or more or less free from obstruction or hindrance. *Puche,* 350 F.3d at 1153. Thus, there is no requirement that the property's role in the crime be integral,

essential, or indispensable, *United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir. 1990), nor does the property need to be exclusively used for criminal activity to be subject to forfeiture. *Id.* at 990–91; *see also United States v. Swank Corp.,* 797 F.Supp. 497, 503 (E.D.Va.1992) ("Even if a portion of the property sought to be forfeited is used to 'facilitate' the alleged offense, then all the property is forfeitable").

■ After carefully reviewing the parties' arguments in light of these above standards, the Court finds that the Government has carried its burden of establishing the requisite nexus between the subject property and the offenses for which Defendants were convicted such that forfeiture is required.

First, the Court finds that the evidence adduced at trial demonstrated that Defendant Seher conspired to launder $1,610,400 in drug proceeds during the course of the conspiracy. As such, the entry of a money judgment against him in the amount of $1,610,400 is proper.

■ Second, in the event that Defendant Seher cannot pay the above described judgment in full, the Government is entitled to the forfeiture of any property owned by Seher, regardless of whether it is traceable to the offenses of which he was convicted. 21 U.S.C. § 853(p); *United States v. Candelaria–Silva,* 166 F.3d 19, 42 (1st Cir.1999). As the Government explains, despite exercising due diligence it has not been able to recover any of the specific funds involved in the conspiracy for which Seher was convicted. Consequently, Seher's real property located at 213 16th Street, Apt 2 in Atlanta, Georgia

---

2. Additionally, the Court notes that Fed. R.Crim.P. 32.2(b)(4) allows a defendant to have a jury determine whether the government has established the requisite nexus. In the present case, Defendants waived their right to have a jury decide this issue.

may be forfeited as a substitute asset in partial satisfaction of the money judgment against him, subject to the claims of any innocent lien holders.

█ Third, forfeiture of all bank accounts and inventory of the corporate entities seized on or about July 26, 2006 is proper. The ability to forfeit the assets of a business, legitimate and illegitimate, is well established under the "property involved in" standard. *See, e.g., Schifferli,* 895 F.2d at 991; *United States v. Baker,* 227 F.3d 955, 967–68 (7th Cir.2000); *United States v. Rivera,* 884 F.2d 544, 545–47 (11th Cir.1989). Thus, there is no requirement that the business be used exclusively for criminal activity for assets of the business to be forfeited. *Schifferli,* 895 F.2d at 991.

Here, the evidence adduced at trial showed that both Chaplin's, Inc. and Chaplin's Midtown, Inc. were the centers of the money laundering and BSA violations and were otherwise "involved in" the illicit conduct. Indeed, it was the ability of purchasers to choose among a large inventory of jewelry coupled with the knowledge that Seher would accept drug proceeds and circumvent the reporting requirements that made the jewelry so attractive to drug dealers and therefore critical to Defendants' illicit conduct. Additionally, proceeds of the offenses were put back into the businesses through cash payments and bank deposits. For all of these reasons, forfeiture of the bank accounts and inventories of the corporate entities is entirely proper.

█ Finally, the Court finds that the Government is entitled to a money judgment against Defendants in the amount of $54,800, as this sum represents the amount of the undercover funds that were never recovered by the Government.

For the above reasons, the Court GRANTS the Government's motion for forfeiture [155] and hereby enters a preliminary order of forfeiture pursuant to Fed.R.Crim.P. 32.2 comprised of the following:

1. A money judgment against Defendant Toros Seher in the amount of $1,610,400;

2. The real property located at 213 16th Street, Apt. 2, Atlanta, Georgia;

3. All bank accounts and inventory of the corporate entities seized on or about July 26, 2006; and

4. A money judgment against Defendants Toros Seher, Chaplin's, Inc., and Chaplin's, Midtown, Inc. in the amount of $54,800.