UNITED STATES of America, Plaintiff,

v.

CERTAIN FUNDS ON DEPOSIT IN AC-
COUNT NO. 01–0–71417, LOCATED AT
THE BANK OF NEW YORK; Account
No. 01–0–71425, Located at the Bank of
New York; Account No. 092–00011–6,
Located at the European American
Bank (EAB); Account No.
81736021878–65, Located at Manufac-
turers' Hanover Trust Co.; Account No.
81730625199–65, Located at Manufac-
turers' Hanover Trust Co., Defendants.

No. CV–91–0285 (ADS).

United States District Court,
E.D. New York.

June 26, 1991.

Andrew J. Maloney, U.S. Atty.,
E.D.N.Y., Brooklyn, N.Y. by Joseph D.
McCann, Asst. U.S. Atty., for plaintiff.

Jacob Rabinowitz, New York City (An-
drew J. Robinson, of counsel), for claimants
Andrew Paulucci, Andrew Paulucci, Inc.,

Aurelio Paulucci, David Minor, Julia Paulucci, Michael Jacobs and Rosemary Jacobs.

Jo Ann Harris, New York City, for claimants Baer & Baer, Efficient Management Service, Inc. and 137–41 South Fifth Avenue, Inc.

## MEMORANDUM DECISION AND ORDER

SPATT, District Judge.

Claimants Baer & Baer, Efficient Management Service, Inc. and 137–41 South Fifth Avenue, Inc. ("the Baer Claimants"), move by order to show cause pursuant to Rule 12 of the Rules for Admiralty and Maritime Claims of the Eastern District of New York for the summary release of three of the defendant bank accounts from arrest and attachment. The Government opposes this application, which opposition is supported by the claimants Andrew Paulucci and Andrew Paulucci, Inc.

In addition, claimants Andrew Paulucci, Andrew Paulucci, Inc., Aurelio Paulucci, David Minor, Julia Paulucci, Michael Jacobs and Rosemary Jacobs ("the Paulucci Claimants"), move for leave to file late notices of claim.

For the reasons that follow, the motion of the Baer Claimants for summary release of the seized funds is denied, and the motion of the Paulucci Claimants for leave to file late notices of claim is granted.

## I. FACTUAL BACKGROUND

United Independent Federal Credit Union ("United"), is a federal credit union located in the State of New York. The National Credit Union Administration ("NCUA"), has supervisory authority over all of the nation's approximately 11,000 federally insured credit unions. The NCUA charters, insures, examines the financial status of, and conserves or liquidates such institutions when required. A "federal credit union" is a "cooperative association" of seven or more natural persons, organized "for the purpose of promoting thrift among its members and creating a source of credit for provident or productive purposes" (12 U.S.C. §§ 1752[1], 1753).

United became chartered as a federal credit union in 1936, including in its "field of membership" persons who are members of the United Independent Young Men's Benevolent Society, Inc. of New York, New York, a Jewish fraternal organization, as well as immediate family members. United presently has 433 members and, as of June 30, 1990, its asset size was $1,244,000. United is controlled by claimants Aaron Baer and Maurice Baer.

United shared office space with various business entities controlled by Aaron Baer and Maurice Baer, including their accounting firm Baer & Baer, Efficient Management Service, Inc., 137–41 South Fifth Avenue, Inc. and 147 Franklin Realty Corp. Together, the Baer brothers own more than 40% of the shares on deposit at United and are on the Credit Committee.

The Government contends that from between June 1, 1989 and June 30, 1990, Aaron Baer received $504,757 and Maurice Baer received $195,500 in loans from United.

On October 18, 1990, counsel for claimant Andrew Paulucci contacted the NCUA, advising them that Andrew Paulucci was a member of United under the alias "Andrew Paul", as was Aurelio Paulucci under the alias "Aurelio Paul". At a subsequent meeting with the NCUA, Andrew Paulucci allegedly revealed the details of several allegedly improper loans made by United in February 1990.

Paulucci alleges that he was requested by Baer & Baer to apply for membership in United by using the alias surname "Paul", so as to create the appearance that he is within the "field of membership". The Baers also suggested creating the corporation Andrew Paulucci Inc. ("AP Inc."). The Baers retained a 50% voting interest in the corporation and received 40% of the shares of stock in exchange for obtaining financing for the Paulucci's. The Baers arranged for AP Inc. to acquire $288,000 by virtue of a series of $36,000 loans from United. With the knowledge of Baer & Baer, Paulucci allegedly executed fraudulent loan applications to United on behalf of

himself, as Andrew Paul, and five other borrowers, namely, Aurelio Paul, David Minor, Julia Paulucci, Rosemary Jacobs and Michael Jacobs. The named payees of the loans did not receive the proceeds of the loans, but rather through fraudulent endorsements, the Baers allegedly obtained the amounts of the loans on behalf of AP Inc. from United.

The total amount of funds received by AP Inc. was approximately $288,000, which was allegedly subsequently deposited in a bank account maintained by AP Inc. Immediately thereafter, the Baers withdrew the money from the AP Inc. account, and diverted it to various corporations in which they had an interest, such as Baer & Baer, Efficient Management Service, Inc., 137–41 South Fifth Avenue, Inc. and Skan Teknologies Inc., according to the Government.

In sum, it is alleged that the Baers misused the United credit union, in violation of the credit union by-laws, various statutes and the applicable regulations. It is the position of the Paulucci Claimants that the Baers used the AP Inc. corporation as a front to divert monies to themselves.

Based upon these allegations, the NCUA issued an order of conservatorship for United in November 1990 in an effort to conserve United's assets and to protect the interests of the credit union members and the National Credit Union Share Insurance Fund. On November 29, 1990, United was placed into conservatorship. The conservatorship is the subject of a separate action pending before this Court entitled, *In re Conservatorship of United Independent Federal Credit Union*, 768 F.Supp. 42 (E.D.N.Y.).[1]

On December 5, 1990, Andrew Paulucci filed a petition in the Supreme Court of the State of New York, County of Westchester, for the dissolution of AP Inc. and also sought an order to show cause to appoint a receiver. On that same date, Justice W. Denis Donovan signed an order to show cause and granted the appointment of a receiver, which order is apparently still in effect.

On January 25, 1991, the Government commenced this *in rem* civil forfeiture proceeding, alleging that the scheme of the Baers and Paulucci to fraudulently and illegally obtain credit union funds violated 18 U.S.C. §§ 657, 1006, 1014 and 1344. The amended complaint seeks the forfeiture of the defendant funds on deposit at the named bank accounts as being traceable proceeds of alleged illegal activity under 18 U.S.C. § 981(a)(1)(C), and as being property involved in a money laundering transaction in violation of 18 U.S.C. § 1956, under 18 U.S.C. § 981(a)(1)(A).

The three bank accounts that are the subject of the Baer Claimants' instant motion are:

| Account Name | Bank | Account Number |
| --- | --- | --- |
| Baer & Baer | Manufacturers' Hanover Trust | 81736021878–65 |
| Efficient Management Service, Inc. | Manufacturers' Hanover Trust | 81730625199–65 |
| 137–41 South Fifth Avenue, Inc. | Bank of New | 01–0–71425 |

By order to show cause signed by this Court on February 1, 1991, the Baer Claimants moved for an order directing the summary release of the funds from arrest and forfeiture pursuant to Rule 12 of the Rules for Admiralty and Maritime Claims of the Eastern District of New York.

The Government opposes this application, as does the Paulucci Claimants. In addition, the Paulucci Claimants moved for leave to file late notices of claim.

## II. DISCUSSION

a. *Motion of the Paulucci Claimants to File Late Notices of Claim:*

■ Proposed claimants Andrew Paulucci, AP Inc., Aurelio Paulucci, David Minor, Julia Paulucci, Michael Jacobs and Rosemary Jacobs concededly filed late notices of claim, asserting various interests in the defendant funds seized by the Government. They now seek leave to permit them to file late notices of claim. The Government does not oppose this application.

1. On June 26, 1991, this Court rendered a memorandum and order in the conservatorship action, denying the Baer claimants motion to intervene and the NCUA's motion to dismiss.

In light of the Government's prior knowledge of the nature of the potential interests of these claimants in the seized funds which led to the commencement of this action as well as the related conservatorship action, and in view of the lack of opposition by the Government, the motion of these claimants to file late notices of claim is granted (*see United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 [9th Cir.1985]).

### b. *Motion of the Baer Claimants for Release of the Funds:*

The Baer Claimants seek the release of the three bank accounts from seizure on two grounds: first, that the procedure used to seize the defendant bank accounts set forth in Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") is constitutionally defective on its face and as applied as violative of the claimants' due process rights; and, second, that the Government may not seize and forfeit the entire contents of the defendant accounts, but such seizure should be limited only to the traceable proceeds of the alleged illegal activity. Each of these grounds is considered separately below.

### i. Constitutionality of Supplemental Rule C(3).

 Any property that may be forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), "shall be seized ... upon process issued pursuant to the Supplemental Rules ..." (18 U.S.C. § 981[b][2]). According to the Supplemental Rules, "[i]n actions by the United States for forfeitures for federal statutory violations", like this one, the Government is permitted to proceed directly to the Clerk of the Court for the issuance of a warrant for the arrest of the *res* without first obtaining review of the verified complaint by a judicial officer (Supplemental Rule C[3]). As the advisory committee notes reveal:

> "The ... requirements for prior court review or proof of exigent circumstances do not apply to actions by the United States for forfeitures for federal statutory violations. In such actions a prompt hearing is not constitutionally required ..., and could prejudice the government in its prosecution of the claimants as defendants in parallel criminal proceedings since the forfeiture hearing could be misused by the defendants to obtain by way of civil discovery information to which they would not otherwise be entitled and subject the government and the courts to the unnecessary burden and expense of two hearings rather than one."

A similar constitutional challenge to Supplemental Rule C raised by the Baer Claimants was rejected by Judge Goettel in *United States v. Banco Cafetero International*, 608 F.Supp. 1394, 1406–07 (S.D.N.Y.1985) (collecting cases), *aff'd sub nom. United States v. Banco Cafetero Panama*, 797 F.2d 1154 (2d Cir.1986). This is consistent with the Supreme Court's decision in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), which reaffirmed the *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) holding that pre-seizure notice and an opportunity for a hearing are not constitutionally mandated when the following circumstances are met:

> " '[first,] the seizure has been directly necessary to secure an important governmental or public interest. Second, there has been a special need for very prompt action. Third, the State has kept strict control over its monopoly of legitimate force: the person initiating the seizure has been a government official responsible for determining, under the standards of a narrowly drawn statute, that it was necessary and justified in the particular instance' " (*Calero–Toledo v. Pearson Yacht Leasing Co., supra,* 416 U.S. at p. 678, 94 S.Ct. at 2089, *quoting Fuentes v. Shevin, supra,* 407 U.S. at p. 91, 92 S.Ct. at p. 2000).

As to whether the seizure of the funds in this case was unconstitutional, the arrest of the property by the Government without a pre-seizure notice and an opportunity for a hearing was clearly done in compliance with the procedures set forth in Supple-

mental Rule C(3). This seizure was not instituted by private individuals, but rather by the Government and, as Supplemental Rule C(3) provides, the Government need not seek pre-seizure review by a judicial officer.

The seizure here also serves the important Governmental interests insofar as preventing an alleged ongoing fraudulent activity in connection with federally insured financial institutions. Prompt action is especially necessary under such circumstances as presented here, in light of the ease with which such funds could be moved, transferred, commingled or otherwise depleted.

In addition, the Baer Claimants have failed to demonstrate "any improper practice or manifest want of equity on the part of the" Government under the Local Admiralty Rule 12 which would warrant summary release from arrest.

Accordingly, to the extent that the Baer Claimants attack the constitutionality of the procedures outlined in Supplemental Rule C(3), this Court rejects such a challenge based upon the authority of *United States v. Banco Cafetero International, supra,* and *Calero–Toledo v. Pearson Yacht Leasing Co., supra.*

ii. Amount of the Funds to be Seized.

■ The Baer Claimants contend that even if the seizure of the funds is proper and found not to be unconstitutional, the Government is not entitled as a matter of law to arrest the entire amounts on deposit in the accounts, but rather only those amounts traceable to proceeds of the alleged illegal activities.

■ Section 981(a)(1)(A) of Title 18 U.S.C., provides that "[a]ny property ... involved in a transaction in violation or attempted violation of ... section 1956 ... of this title, or any property traceable to such property", is subject to forfeiture. This section has been construed by the district courts as authorizing the forfeiture of an entire bank account or business which was used to "facilitate" the laundering of money in violation of 18 U.S.C.

§ 1956 (*see, e.g., United States v. All Monies ($477,048.62) in Account No. 90–3617–3,* 754 F.Supp. 1467, 1473 [D.Haw. 1991]; *United States v. 4643 W. Kennedy Boulevard,* No. 90–46–Civ–T–13, slip op., 1990 WL 305391 [M.D.Fla. Feb. 12, 1990]). In *All Monies, supra,* the court held:

"This Court finds that 18 U.S.C. § 981(a)(1)(A) applies to all property that facilitates violations of §§ 1956 and 1957. Even though § 981 does not expressly include the words 'facilitates' or 'facilitating,' the statute covers property 'involved in' illegal money laundering transactions. *See* 18 U.S.C. § 981(a)(1)(A). The legislative history makes it clear that 'property involved in' includes property used to facilitate money laundering offenses" (754 F.Supp. at p. 1473).

■ Even if a portion of the property sought to be forfeited is used to "facilitate" the alleged offense, then all of the property is forfeitable (*see United States v. Santoro,* 866 F.2d 1538, 1542 [4th Cir. 1989]). "Facilitating" property occurs when the property as used makes the underlying criminal activity less difficult or "more or less free from hindrance" (*United States v. Schifferli,* 895 F.2d 987, 990 [4th Cir.1990]; *United States v. Premises Known as 3639–2nd St.,* 869 F.2d 1093, 1096 [8th Cir.1989]).

In light of the persuasive authority of the district courts outside this Circuit, in this Court's view, section 981(a)(1)(A) applies to property used to facilitate the alleged criminal violations.

In this case, the Baer brothers are alleged to have arranged to fraudulently disburse $288,000 of funds from a federally insured credit union to themselves; and then clearing these amounts through the bank accounts of the various corporations of the Baer Claimants. As the Government contends, limiting the forfeiture of funds under these circumstances to the proceeds of the initial fraudulent activity would effectively undermine the purpose of the forfeiture statute. Criminal activity such as money laundering largely depends upon the use of legitimate monies to ad-

vance or facilitate the scheme. It is precisely the commingling of tainted funds with legitimate money that facilitates the laundering and enables it to continue.

Accordingly, to the extent that the Baer Claimants seek summary release of the funds under Local Admiralty Rule 12 on this ground, the motion is denied.

## III. CONCLUSION

For the foregoing reasons, the motion of the Paulucci Claimants to file late notices of claim is granted. The motion of the Baer Claimants for summary release of the three bank accounts from arrest and seizure pursuant to Local Admiralty Rule 12, is denied in all respects.

SO ORDERED.