In re **CONSERVATORSHIP OF UNITED INDEPENDENT FEDERAL CREDIT UNION, CHARTER NUMBER 01603.**

**No. CV 90–4234 (ADS).**

United States District Court, E.D. New York.

June 26, 1991.

Andrew J. Maloney, U.S. Atty., E.D.N.Y.
by Joseph D. McCann, Brooklyn, N.Y., and
Nat. Credit Union Admin. Bd., Office of
General Counsel by John K. Ianno, Washington, D.C., for Nat. Credit Union Admin.
Bd.

Buchwald & Kaufman by Alan R. Kaufman, New York City, for United Independent Federal Credit Union.

Jo Ann Harris, New York City, for Aaron Baer and Maurice Baer.

## MEMORANDUM AND ORDER

SPATT, District Judge.

By Order dated November 29, 1990, the
National Credit Union Administration
Board (the "NCUAB") appointed itself conservator of the United Independent Federal
Credit Union (the "Credit Union"), located
in Valley Stream, New York, pursuant to
12 U.S.C. § 1786(h)(1) ("The Board may,
*ex parte* without notice, appoint itself as
conservator and immediately take possession and control of the business and assets
of any insured credit union in any case in
which—").

On December 10, 1990, the Court signed
an Order To Show Cause

"why the Court should not issue an Order, pursuant to Title 12, United States
Code, Section 1786(h)(3), enjoining the
Board from continuing possession and
control of the Credit Union, located at
147 South Franklin Avenue, Valley
Stream, New York 11580[.]"

The Order To Show Cause was unaccompanied by a Complaint.

There are presently three issues before
the Court: (1) the NCUAB's motion to dismiss the Order To Show Cause for insufficiency of process; (2) Aaron Baer's and
Maurice Baer's motion to intervene; and (3)
the NCUAB's motion to dismiss the Order
To Show Cause on the merits.

## I. THE SUFFICIENCY OF PROCESS

■ The NCUAB moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(4) for insufficiency of process.

The NCUAB contends that Federal Rule of Civil Procedure 3 requires the Credit Union to file a complaint with its Order To Show Cause, and that the Credit Union's failure to do so precludes the Court from hearing the Order To Show Cause.

Rule 3 provides:

"[a] civil action is commenced by filing a complaint with the court." (Fed.R.Civ.P. 3)

12 U.S.C. § 1786(h)(3) provides in relevant part as follows:

"Not later than ten days after the date on which the Board takes possession and control of the business and assets of an insured credit union pursuant to paragraph (1), such insured credit union may *apply* to the United States district court for the judicial district in which the principal office of such insured credit union is located ... for an order requiring the Board to show cause why it should not be enjoined from continuing such possession and control. Except as provided in this paragraph, no court may take any action, except at the request of the Board by regulation or order, to restrain or affect the exercise of powers or functions of the Board as conservator."

(12 U.S.C. § 1786(h)(3) [emphasis supplied] )

Section 1786(h)(3) does not explicitly require the Credit Union to file a complaint; it merely requires the Credit Union to "apply" to the Court for the requested relief. In fact, § 1786 itself contemplates judicial procedure in accord with the less formalistic Administrative Procedure Act, 5 U.S.C. § 500, *et seq.* (*see* 12 U.S.C. § 1786[j] ["Any hearing provided for in this section ... shall be conducted in accordance with the provisions of chapter 5 of Title 5"] ). Since § 1786(h)(3) does not limit the jurisdiction of the Court to hear solely a "civil action," but speaks in terms of "applications" by the allegedly aggrieved credit union, Rule 3 does not explicitly apply to § 1786(h)(3) applications.

The Court discerns no precedent or legislative history which equates § 1786(h)(3) applications with civil actions. The Court notes that there are other banking statutes which similarly permit a litigant to challenge administrative actions by "applying" for relief in the district court (*see* 12 U.S.C. § 1818[a][8][D]; 12 U.S.C. § 1786[f][2]; and 12 U.S.C. § 1786[g][6] ).

In addition, the Court notes that the NCUAB has failed to articulate any prejudice it would suffer by responding to the Credit Union's Order To Show Cause without the benefit of a complaint. (*See* 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1353 [1990] ["In the case of an objection under Rule 12(b)(4) to the form of process, the motion will be granted only when the defect is prejudicial to defendant"]; *cf. Commodity Futures Trading Commission v. American Commodity Group Corp.*, 753 F.2d 862, 866 n. 6 [11th Cir.1984] [receiver appointed by the court filed an "application" for an order to show cause to recover certain monies; the Circuit Court rejected the individual's argument that because the receiver did not "file a separate civil action under Fed.R.Civ.P. 3" the district court lacked jurisdiction, and found that "it is difficult to see how [the appellant] was prejudiced in this regard.... [the receiver's] order to show cause was the functional equivalent of a civil complaint. She was duly served with the application and more than adequate time to answer, ... request a continuance, or pursue discovery"] )

Finally, the Court believes it logical that Congress intended the NCUAB to set forth the basis for its actions, once a credit union, pursuant to § 1786(h)(3), made timely "application" in the district court challenging the NCUAB's action (*see Federal Home Loan Bank Board v. Hauge*, 664 F.Supp. 245 [W.D.La.1987], *affirmed*, 840 F.2d 14 [5th Cir.1988] [Bank Board filed a "petition ... to enforce a Cease and Desist Order" in the district court pursuant to 12 U.S.C. § 1464[d][8][A], which allows the Bank Board to "apply" to the district court for enforcement] ). It is reasonable to believe that if Congress intended to require the Credit Union to set forth the basis why

the *NCUAB*'s *ex parte* Order of Conservatorship was unjustified it would have expressly said so.

12 U.S.C. § 1786(h)(3) enables the Credit Union to "apply" to the Court for an order enjoining the NCUAB from continuing to possess and control the Credit Union. Since the statute does not concern "civil actions," Fed.R.Civ.P. 3 is inapplicable to applications brought pursuant to § 1786(h)(3). (*See* 4 Wright & Miller, *supra*, at § 1353 ["a statutory commencement provision enacted after Rule 3 became effective takes precedence as against the rule"]) Accordingly, the NCUAB's motion to dismiss the Order To Show Cause because it fails to comply with Fed.R.Civ.P. 3 is denied.

## II. MOTION TO INTERVENE

■ By Order To Show Cause signed March 6, 1991, Aaron Baer and Maurice Baer (the "Baers") moved to intervene pursuant to Fed.R.Civ.P. 24(a)(2). In essence, the Baers—the majority shareholders of the Credit Union—contend that they should be allowed to intervene because they have an "interest relating to" the Credit Union and because they can only be of "assistance" to the NCUAB if they are given "access" to Credit Union documents seized by the NCUAB. They further argue that, by intervening, they can protect their "substantial investment" and guard against the "dissipation of assets by the federal government through the device of conservatorship."

The Baers' motion to intervene is precluded by the explicit language of the statute providing jurisdiction to the Court. It provides:

"Not later than ten days after the date on which the Board takes possession and control of the business and assets of an insured credit union pursuant to paragraph (1), *such insured credit union may apply to the United States district court ... for an order requiring the Board to show cause why it should not be enjoined from continuing such possession and control. Except as provided in this paragraph, no court may take any*

*action, except at the request of the Board by regulation or order, to restrain or affect the exercise of powers or functions of the Board as conservator.*" (12 U.S.C. § 1786[h][3] [emphasis supplied])

The statute solely confers standing to the Credit Union to challenge the NCUAB's Order of Conservatorship, and explicitly limits the Court's jurisdiction to an application by the Credit Union. (*See also* 12 U.S.C. § 1786[j] [the Court "shall issue and serve upon each party to the proceeding an order or orders consistent with the provisions of this section"])

■ In addition, Fed.R.Civ.P. 24(a) provides for intervention as of right only:

"when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Fed. R.Civ.P. 24[a][2])

All four requirements of Rule 24(a)(2)—timely application, an interest relating to the subject property, disposition of the action would as a practical matter impair the applicant's ability to protect that interest, and the applicant's interest is not adequately represented by other parties—must be satisfied for the Court to grant the Baers' motion. (*Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 96 [2d Cir.1990])

In this proceeding, the NCUAB, as conservator, is under a statutory duty to protect the interests of all shareholders of the Credit Union, including the Baers. (*See* 12 U.S.C. § 1786[h][1][A] [empowers the NCUAB to issue Order of Conservatorship where "the Board determines that such action is necessary to conserve the assets of any insured credit union or to protect the Fund or the interests of the members of such insured credit union"]; 12 U.S.C. § 1786[h][8] ["The conservator shall have all the powers of the members, the di-

**46**

rectors, the officers, and the committees of the credit union and shall be authorized to operate the credit union in its own name or to conserve its assets in the manner and to the extent authorized by the Board"]) Since in this regard the NCUAB's interest is identical to the interest expressed by the Baers, there is no basis for intervention as of right. (*See Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co., supra,* 922 F.2d at p. 98 ["Where there is an identity of interest between a putative intervenor and a party, adequate representation is assured"])

For all of the above reasons, the Baers' motion to intervene is denied.

### III. THE MERITS OF THE ORDER TO SHOW CAUSE

The NCUAB's moves to dismiss the Order To Show Cause on the merits, contending that its Order of Conservatorship was not "arbitrary or capricious."

At a conference before the Court on March 22, 1991, all parties consented to have United States Magistrate Judge Michael L. Orenstein determine the merits of the Order To Show Cause. This determination necessarily includes (1) deciding the appropriate standard of judicial review; (2) deciding whether or not a hearing is necessary; and (3) deciding the merits of the Order To Show Cause.

Accordingly, pursuant to 28 U.S.C. § 636(c)(1) ("[u]pon the consent of the parties, a full-time United States Magistrate [Judge] ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case"]), this matter is referred to United States Magistrate Judge Michael L. Orenstein for final determination and for entry of an appropriate Judgment.

The parties will be contacted by Magistrate Judge Orenstein's chambers, forthwith, to schedule further proceedings in this matter.

SO ORDERED.