UNITED STATES of America, Plaintiff,

v.

ALL OF THE INVENTORIES OF THE BUSINESSES KNOWN AS KHALIFE BROTHERS JEWELRY and Gold Corp., Inc., Defendants.

No. 92–CV–72963–DT.

United States District Court, E.D. Michigan, S.D.

Nov. 17, 1992.

William J. Sauget, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Robert E. Forrest, Southfield, Mich., for Gold Corp. Inc. and Walid Khalife.

James W. Burdick, Bloomfield Hills, Mich., for Fadi Khalife.

Mayer Morganroth, Southfield, Mich., for Fred Abdenour.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendants Gold Corp., Inc.'s ("Gold Corp."), Walid Khalife's, Fadi Khalife's, and Fred Abdenour's Fed.R.Civ.P. 12(b)(6) motion to dismiss the United States of America's ("the government") complaint for civil forfeiture and for the return of the property seized pursuant to a seizure warrant dated June 2, 1992.[1] The government filed a timely response brief and the above-mentioned defendants filed a reply brief thereto. Pursuant to E.D. Mich. LR 7.1(e)(2) the Court orders that the present motion be disposed of upon the briefs which the parties have submitted and without the Court entertaining oral argument. For the reasons that follow, defendants' motion to dismiss the complaint for civil forfeiture and for the return of Gold Corp.'s inventory, which the government seized on June 2, 1992, is DENIED.

## I. BACKGROUND

On May 29, 1992, seizure warrants were issued authorizing the seizure of the inventories of the business entities known as Khalife Brothers Jewelry and Gold Corp., in accordance with 18 U.S.C. § 981(a)(1)(A).[2] In its complaint for forfeiture in rem, the government alleges that the inventory of Gold Corp. is subject to seizure on the theory that the owners of Gold Corp. facilitated both currency reporting violations under 31 U.S.C. §§ 5313, 5324 and money laundering offenses under 18 U.S.C. § 1956.

1. Defendants seek return of the property pursuant to Rule E(5)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. 18 U.S.C. § 981 provides in pertinent part as follows:
   (a)(1) ... the following property is subject to forfeiture to the United States:

Gold Corp. is a closely held corporation. Walid Khalife, Fadi Khalife, and Fred Abdenour are the shareholders of Gold Corp. Khalife Brothers Jewelry Store is a sole proprietorship owned by Jamal Khalife. The two business entities are located in adjoining suites in an office building.

The government's underlying theory for forfeiture is predicated on the use of Gold Corp.'s inventory, by their owners, to facilitate violations of the federal money laundering laws and the currency reporting requirements. The defendants contend that 18 U.S.C. § 981 does not subject property to forfeiture were it is used merely to facilitate violations of the statutes cited in § 981. Defendants also contend that only the merchandise making up Gold Corp.'s inventory on the date of the alleged violations is subject to the forfeiture laws, while the inventory which the government seized here was seized eight months after the last alleged violation, and thus the government has seized the "wrong" inventory.

## II. OPINION

### A. Standard of Review

A motion brought pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted requires the Court to determine whether plaintiff has pleaded cognizable claims. The Court must accept as true all factual allegations in the complaint(s), and the motion must be denied unless it appears beyond doubt that the non-moving party cannot prove a set of facts which would permit relief. *Housing Opportunities Made Equal, Inc. v. The Cincinnati Enquirer,* 943 F.2d 644, 645 (6th Cir.1991); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

### B. Facilitation Under 18 U.S.C. § 981

18 U.S.C. § 981(a)(1) provides, in part, as follows:

> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324 of title 31 [currency reporting requirements and anti-structuring provisions], or of section 1956 or 1957 of this title [money laundering offenses], or any property traceable to such property....

Except as provided in paragraph (2), the following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324 of title 31, or of section 1956 or 1957 of this title, or any property traceable to such property....

■ Defendants argue that a theory of forfeiture based on facilitation[3] cannot be maintained under 18 U.S.C. § 981, because § 981 does not contain the word "facilitation," unlike other forfeiture statutes which expressly contain such language.[4] The government relies upon *United States v. All Monies ($477,048.62) in Account 90–3617–3*, 754 F.Supp. 1467, 1473 (D.Hawaii 1991) (*"All Monies"*), for support of its argument that 18 U.S.C. § 981(a)(1)(A) applies to property that facilitates violations of the statutes listed in § 981(a)(1)(A). The district court in *All Monies* stated:

The government argues that the legislative history of 18 U.S.C. § 981(a)(1)(A) suggests that § 981 should also be interpreted to encompass property that is used to facilitate illegal activity. To support that position, the government quotes the following relating to § 981(a):

[T]he term "property involved" is intended to include the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense.

134 Cong.Rec. § 17365 (daily ed. Nov. 10, 1988).

This Court finds that 18 U.S.C. § 981(a)(1)(A) applies to all property that facilitates violations of §§ 1956 and 1957. Even though § 981 does not expressly include the words "facilitate" or "facili-

tating," the statute covers property "involved in" illegal money laundering transactions. *See* 18 U.S.C. § 981(a)(1)(A). The legislative history makes it clear that "property involved in" includes property used to facilitate money laundering offenses.

While the Sixth Circuit has not yet addressed this issue, the Court finds *All Monies* persuasive and holds that the government may use a facilitation theory under 18 U.S.C. § 981(a)(1)(A) in the instant forfeiture action.[5]

**B. Forfeiture of Gold Corp.'s Inventory**

■ All parties agree that *United States v. $67,220.00 in U.S. Currency*, 957 F.2d 280 (6th Cir.1992), provides the applicable burden of proof in this case.[6] 18 U.S.C. § 981(d) provides that customs laws apply in forfeiture actions. *See* 19 U.S.C. §§ 1602 *et. seq.* 19 U.S.C. § 1615 provides that "the burden of proof shall lie upon [the] claimant.... *provided,* That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court...." (emphasis in original).

The Sixth Circuit in *$67,220.00* went on to state that "[t]o meet its burden, the government 'must establish probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance.'" *$67,220.00*, 957 F.2d at 283 (citing *United States v. 526 Liscum Drive*, 866 F.2d 213, 216 (6th Cir.1989) (footnote omitted)). Applying this standard to the case at bar, the Court holds that under 18 U.S.C. § 981(a)(1)(A) the government must establish probable cause to believe that a substantial connection exists between the property to be forfeited—the inventory—and the facilitation of illegal money laun-

---

3. Facilitating has been defined as when the property as used makes the underlying criminal activity less difficult or "more or less free from hindrance." *United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990).

4. *See, e.g.,* 21 U.S.C. § 881(a)(6); 21 U.S.C. § 853(a)(2).

5. At least one other court also has found *All Monies* persuasive authority on this issue. *See United States v. Certain Funds on Deposit,* 769 F.Supp. 80, 84 (E.D.N.Y.1991).

6. Although *$67,220.00* involved a forfeiture action brought under 21 U.S.C. § 881(a)(6), there is no reason to conclude that the Sixth Circuit would apply a different standard to a government forfeiture action solely because it was brought under a different forfeiture statute. This is especially true where both 21 U.S.C. § 886 and 18 U.S.C. § 981 incorporate the United States' customs laws; laws that the court in *$67,220.00* used to set forth the proper burden of proof. *See* 21 U.S.C. 886(d) and 18 U.S.C. § 981(d).

dering violations or currency reporting violations. *See* 18 U.S.C. § 981(a)(1)(A).

■ As stated above, defendants' theory is that the government cannot prove that the inventory seized in June 1992 was the same inventory which allegedly facilitated the above-mentioned illegal conduct which occurred through November 5, 1991. Defendants assert in their brief that "[f]or all practical purposes jewelry seized on June 2, 1992, from Gold Crop. did not exist on the premises before November 5, 1991. No allegation to the contrary are made by the government in its complaint. Dismissal under Rule 12(b)(6) is required." Memorandum in support of motion to dismiss and for return of property at 10.

Defendants' argument is unpersuasive. First, it is possible that the government could prove that the inventory contained some of the same pieces of merchandise in June 1992 as it contained in November 1991. Accordingly, it is not beyond doubt that the government can prove no set of facts in support of its claim as is required before a Fed.R.Civ.P. 12(b)(6) motion may be granted. *Housing Opportunities Made Equal, Inc., supra.*[7] Second, defendants' motion must be viewed in light of the fact that probable cause is assessed "at the time of the forfeiture hearing" and not "at the time of the seizure." *$67,220.00,* 957 F.2d at 284. In addition, in assessing probable cause, "[t]he aggregation of facts, each one insufficient standing alone, may suffice to meet the government's burden.... To determine whether the information is sufficient, a court must 'weigh not the individual layers but the 'laminated' total.'" *Id.*

Here, the government has supplied sufficient allegations in support of a finding of probable cause to withstand defendants' 12(b)(6) motion. If these allegations are proven at trial, the allegations would support a finding of probable cause that a

substantial connection existed between Gold Corp.'s inventory and the facilitation of illegal conduct as described in 18 U.S.C. § 981(a)(1)(A). Therefore, defendants' Fed. R.Civ.P. 12(b)(6) motion is denied.

## CONCLUSION

For the reasons set forth above, the Court finds that it is not beyond doubt that the government can prove no set of facts in support of its claims which would entitle it to relief. Accordingly, defendants' Fed. R.Civ.P. 12(b)(6) motion to dismiss is DENIED. In addition, defendants' Supplemental Rules for Certain Admiralty and Maritime Claims (Rule E(5)) motion for return of the inventory is DENIED.

IT IS SO ORDERED.

---

7. In their respective briefs, the parties address the issue of whether the government must prove that the inventory which the government seized on June 2, 1992, was the *same* inventory that was used to facilitate the alleged illegal conduct. However, because the Court holds that it is not

beyond doubt that the government can prove no set of facts that at least part of the inventory is the same, the Court need not, and does not, reach the issue of what is actually forfeitable under 18 U.S.C. § 981.