[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14583

_____

D. C. Docket No. 97-00919 CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ILEANA CABEZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 25, 2001)**

Before EDMONDSON, DUBINA and POLITZ*, Circuit Judges.

_____

• Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by
designation.

PER CURIAM:

Defendants Ileana Cabeza and Antonio Acuay appeal their convictions and resulting sentences. We affirm.

Defendants were indicted with conspiracy to possess with intent to distribute cocaine (Count One) and with possession with intent to distribute cocaine (Count Two). The indictment sought criminal forfeiture of Cabeza's real property. The indictment alleged that the property constituted proceeds obtained as a result of the charged violations and that the property was intended to be used to commit or to facilitate the commission of the charged violations.

A trial was conducted on the charges, and the jury returned verdicts finding Acuay guilty of both counts and finding Cabeza guilty of Count One. The jury then returned a verdict of forfeiture against Cabeza's real property. Cabeza was sentenced to 51 months of incarceration, four years of supervised release and a $100 special assessment. Acuay was sentenced to 360 months incarceration and to eight years of supervised release.

We will only write about Cabeza's argument that she was entitled to have the jury find beyond a reasonable doubt that her house was used to facilitate the

conspiracy of which she was convicted.[1]  She argues that the district court erred in instructing the jury to apply the preponderance of evidence standard of proof to the forfeiture proceeding, in the light of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).

The Supreme Court has said that forfeiture is not a separate offense, but is instead "an aspect of punishment imposed following conviction of a substantive criminal offense."  Libretti v. United States, 116 S.Ct. 356, 363 (1995); see also United States v. Sandini, 816 F.2d 869, 875 (3rd Cir. 1987)("The argument that forfeiture is an element which must be proved beyond a reasonable doubt confuses culpability with consequences.").

Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of Apprendi.  The other circuits that have considered this issue have reached the same conclusion.  See United States v. Corrado, 227 F.3d 543, 550-51 (6th Cir. 2000)(Apprendi does not apply to forfeiture proceeding); United States v. Powell, 243 F.3d 543 (4th Cir. 2001) (Table) (Apprendi does not

---

[1]Defendants raise other issues in this appeal:  (1) insufficiency of the evidence, (2) Sixth and Eighth Amendment violations, (3) witness sequestration error, (4) evidentiary and sentencing errors, (5) jury deliberations error, and (6) error in the district court's order surrendering Defendant for deportation proceedings.  We have considered these issues and conclude that none of them require overriding the district court's decisions.

require jury in forfeiture proceeding to make factual determinations beyond reasonable doubt).

Because Apprendi does not apply to forfeiture proceedings, our earlier decisions on the burden of proof in such proceedings remain good law:  the burden of proof on a forfeiture count is a preponderance of the evidence.  See United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir. 1999).  The district court did not err.

AFFIRMED.