**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David VERA, Defendant–Appellant.**

**No. 01–1616.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 9, 2002.

Decided Jan. 22, 2002.

Valerie Hays (argued), Office of the U.S. Atty., Crim. Div., Chicago, IL, for Plaintiff-Appellee.

David S. Mejia (argued), Chicago, IL, for Defendant-Appellant.

Before FLAUM, Chief Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Only one issue in this criminal appeal justifies treatment in a published opinion: Whether the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires matters relevant to criminal forfeiture to be established beyond a reasonable doubt. Like the other circuits that have considered this question, we hold that *Apprendi* does not disturb the rule that forfeiture is constitutional when supported by the preponderance of the evidence. See *United States v. Cabeza,* 258 F.3d 1256, 1257 (11th Cir. 2001); *United States v. Corrado,* 227 F.3d 543, 550–51 (6th Cir.2000).

Following his conviction of drug-related offenses, David Vera was sentenced to life

imprisonment and ordered to forfeit $600,000 in cash plus three parcels of real estate. See 21 U.S.C. § 853(a) (providing forfeitures for drug offenses). In special verdicts, the jury determined that forfeiture is warranted and specified the cash and property to be forfeited. The judge told the jury to make these decisions according to the preponderance of the evidence. Vera contends that this violated the Constitution, in light of *Apprendi*. But what the Supreme Court held is not that everything bearing on a sentence must be found beyond a reasonable doubt. It held, rather, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Judges (and less commonly juries) traditionally have selected sentences within a statutory range; increasing the maximum penalty, *Apprendi* held, is enough like convicting of a different and more serious crime that the increase must be justified beyond a reasonable doubt.

Determining the forfeitable proceeds of an offense does not come within *Apprendi*'s rule, because there is no "prescribed statutory maximum" and no risk that the defendant has been convicted *de facto* of a more serious offense. Section 853(a) is open-ended; *all* property representing the proceeds of drug offenses is forfeitable. Forfeiture has long been a civil remedy as well as a criminal sanction, handled by a preponderance standard in either event— and usually by the judge rather than the jury. See Fed.R.Crim.P. 32.2. Restitution, another open-ended component of both criminal and civil judgments, is not affected by *Apprendi* because there is no "statutory maximum." See *United States v. Behrman*, 235 F.3d 1049 (7th Cir.2000). Forfeiture is governed by the same principle and thus may be decided by the judge on a preponderance standard. See *Edwards v. United States*, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998).

Vera's other arguments are addressed in an unpublished order issued contemporaneously with this opinion.

AFFIRMED.