In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1616

United States of America,

Plaintiff-Appellee,

v.

David Vera,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 98 CR 515--Robert W. Gettleman, Judge.

Argued January 9, 2002--Decided January 22, 2002


   Before Flaum, Chief Judge, and Harlington
Wood, Jr., and Easterbrook, Circuit Judges.

   Easterbrook, Circuit Judge.  Only one
issue in this criminal appeal justifies
treatment in a published opinion: Whether
the holding of Apprendi v. New Jersey,
530 U.S. 466 (2000), requires matters
relevant to criminal forfeiture to be
established beyond a reasonable doubt.
Like the other circuits that have
considered this question, we hold that
Apprendi does not disturb the rule that
forfeiture is constitutional when
supported by the preponderance of the
evidence. See United States v. Cabeza,
258 F.3d 1256, 1257 (11th Cir. 2001);
United States v. Corrado, 227 F.3d 543,
550-51 (6th Cir. 2000).

   Following his conviction of drug-related
offenses, David Vera was sentenced to
life imprisonment and ordered to forfeit
$600,000 in cash plus three parcels of
real estate. See 21 U.S.C. sec.853(a)
(providing forfeitures for drug
offenses). In special verdicts, the jury
determined that forfeiture is warranted
and specified the cash and property to be
forfeited. The judge told the jury to
make these decisions according to the
preponderance of the evidence. Vera
contends that this violated the
Constitution, in light of Apprendi. But
what the Supreme Court held is not that

everything bearing on a sentence must be found beyond a reasonable doubt. It held, rather, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Judges (and less commonly juries) traditionally have selected sentences within a statutory range; increasing the maximum penalty, Apprendi held, is enough like convicting of a different and more serious crime that the increase must be justified beyond a reasonable doubt.

Determining the forfeitable proceeds of an offense does not come within Apprendi's rule, because there is no "prescribed statutory maximum" and no risk that the defendant has been convicted de facto of a more serious offense. Section 853(a) is open-ended; all property representing the proceeds of drug offenses is forfeitable. Forfeiture has long been a civil remedy as well as a criminal sanction, handled by a preponderance standard in either event-- and usually by the judge rather than the jury. See Fed. R. Crim. P. 32.2. Restitution, another open-ended component of both criminal and civil judgments, is not affected by Apprendi because there is no "statutory maximum." See United States v. Behrman, 235 F.3d 1049 (7th Cir. 2000). Forfeiture is governed by the same principle and thus may be decided by the judge on a preponderance standard. See Edwards v. United States, 523 U.S. 511 (1998).

Vera's other arguments are addressed in an unpublished order issued contemporaneously with this opinion.

Affirmed