UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

FLOYD JUNIOR "DICK" POWELL,
　　　　　*Defendant-Appellant.*

No. 01-4196

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-12)

Submitted: January 15, 2002

Decided: March 28, 2002

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Patrick McLoughlin, Jr., MOORE & VAN ALLEN, P.L.L.C., Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Floyd Junior "Dick" Powell was charged in three counts of an eight-count indictment. In Count 1, Powell was charged with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). In Count 7, he was charged with possession with intent to distribute cocaine base and aiding and abetting others in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2 (West 2000). Count 8 contained a forfeiture allegation against Powell under 21 U.S.C.A. § 853 (West 1999 & Supp. 2001). Following a jury trial, Powell was convicted of all three counts. Based on the jury's findings, the district court entered a forfeiture order condemning Powell's residence and $100,000 in currency Powell received from the sale of drugs during the conspiracy. Powell was sentenced to 240 months in prison and three years of supervised release. Powell alleges numerous errors in his sentencing based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm Powell's conviction and sentence.

First, Powell argues his 240-month sentence was unconstitutional in light of *Apprendi* because the district court made factual findings by the preponderance of the evidence at sentencing that increased his sentencing range under the *U.S. Sentencing Guidelines Manual* (1998). Because his sentence is not above the statutory maximum in § 841(b)(1)(C), his sentence does not implicate *Apprendi. See United States v. Promise*, 255 F.3d 150 (4th Cir. 2001) (en banc), *petition for cert. filed*, No. 01-6298 (Sept. 20, 2001); *United States v. Dinnall*, 269 F.3d 418, 423-24 (4th Cir. 2001). Moreover, judicial factfinding at sentencing under the Guidelines is not affected by *Apprendi* as long as the factfinding does not enhance the sentence beyond the maximum sentence in the substantive statute. *United States v. Kinter*, 245 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 121 S. Ct. 1393 (2001).

Second, Powell argues the district court erred in sentencing him to 240 months in prison. However, because this sentence is not above the statutory maximum in § 841(b)(1)(C), there is no error.

Third, Powell argues the failure to submit the issue of drug type to the jury is unconstitutional under *Apprendi* and violates *United States*

*v. Quicksey*, 525 F.2d 337 (4th Cir. 1975). Because Powell did not raise this argument before the district court, we review the sentence for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). We "may notice an error not preserved by a timely objection only if the defendant establishes 'that error occurred, that the error was plain, and that the error affected his substantial rights.'" *Dinnall*, 269 F.3d at 423 (quoting *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998)). Correction of the error remains in the discretion of the court. *Id.* at 424. Failure to submit the issue of drug type to the jury does not affect a defendant's substantial rights. *United States v. Strickland*, 245 F.3d 368, 380 (4th Cir.), *cert. denied*, 122 S. Ct. 294 (2001). Therefore, we reject Powell's argument that the drug type should have been submitted to the jury.

Fourth, Powell argues sentencing enhancements under the Guidelines relating to possession of a dangerous weapon and being a supervisor of a conspiracy violate *Apprendi*. The district court, however, is permitted to make these determinations by a preponderance of evidence. *See Kinter*, 235 F.3d at 201.

Fifth, Powell argues the forfeiture order was in violation of law. Forfeiture, however, is not an independent offense, but is only part of the sentence imposed for the underlying drug offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). The burden of proof on a forfeiture count is preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231 (4th Cir. 1995). Because forfeiture is a punishment rather than an element of the offense, *Apprendi* is not implicated. *See United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001); *United States v. Corrado*, 227 F.3d 543, 550 (6th Cir. 2000).

Finally, Powell argues § 841 is unconstitutional in light of *Apprendi*. We rejected this argument in *United States v. McAllister*, 272 F.3d 228, 233 (4th Cir. 2001). Accordingly, we affirm Powell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*