**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darryl COX, Defendant–Appellant.**

No. 02–1640.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 2003.*

Decided Feb. 18, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Darryl Cox pleaded guilty to two counts of wire fraud, 18 U.S.C. § 1343, and was sentenced to consecutive terms of 55 months' imprisonment, three years of supervised release, $999,709.45 in restitution,

and a $200 special assessment. Cox's counsel filed a notice of appeal, but because she could not discern a non-frivolous issue for appeal she now moves to withdraw in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cox was notified of his counsel's motion, *see* Cir. R. 51(b), and has filed a response. Counsel's supporting *Anders* brief is facially adequate, so we confine our review to the potential issues raised in the brief and in Cox's response. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we conclude that the potential issues raised by counsel and by Cox are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

In March 2000, a grand jury indicted Cox and four others on multiple counts of wire fraud, alleging an elaborate scheme to defraud Western Union between May 1996 and November 1999. Essentially, Cox would convince Western Union operators that he was a Western Union employee following up on wire transfers that never made it to various locations in the Chicago area, and he would either pick up the fraudulent transfers himself or send one of his co-defendants to do so. After negotiations failed to produce an agreement resolving the entire indictment, Cox pleaded guilty to Counts One and Three without a plea agreement. At sentencing the government linked him to approximately 900 fraudulent transfers. After sentencing the court dismissed the remaining counts on a motion by the government.

■ Counsel first considers whether Cox could argue that his pleas were not made knowingly and voluntarily. She represents that Cox wishes to withdraw his pleas and proceed to trial, a position Cox iterates in his Rule 51(b) response. The district court conducted a change-of-plea colloquy to ensure that Cox's guilty pleas

were made knowingly and voluntarily and not the result of threat or coercion. *See* Fed.R.Crim.P. 11. The court explained the charges, the possible penalties, and the rights Cox would be giving up by pleading guilty. Cox acknowledged that he understood. The court also determined that the two counts were adequately supported by a factual basis, with which Cox agreed. Counsel recognizes that the court failed to inform Cox that he had the right to plead not guilty or that his answers under oath could be used against him in a perjury prosecution. Fed.R.Crim.P. 11(c)(3), (5). But because Cox did not object to these omissions in the district court, we would review a challenge for plain error. *United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

Given the circumstances of Cox's pleas, we agree with counsel that challenging them as unknowing or involuntary would be frivolous. Even though Cox now contends that he did not understand the law and disagrees with the factual basis, he represented under oath during the colloquy that he did understand the charges and concurred with the factual account. His representations at the hearing are presumed to be correct, *United States v. Standiford*, 148 F.3d 864, 869 (1998), and Cox offers nothing to rebut that presumption. Moreover, these two omissions under Rule 11 were harmless. Cox undoubtedly was aware that he could plead not guilty; he originally had pleaded not guilty as to all the counts and then changed his plea to guilty on only two of them. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir.2002). And not informing Cox that his statements under oath could be used in a perjury prosecution was harmless because there is no current or prospective prosecution. *United States v. Graves*, 98 F.3d 258, 259 (1996).

■ Counsel, though, has failed to discuss a more serious Rule 11 omission that occurred here: the district court did not admonish Cox concerning the effects of supervised release. Fed.R.Crim.P. 11(c)(1). During the colloquy the government twice articulated Cox's potential penalties, including a maximum of three years of supervised release. And Cox twice represented that he understood the potential penalties. However, the court never explained the effects of supervised release. Ordinarily such an omission is harmless if the prison term imposed plus the amount of supervised release does not exceed the maximum imprisonment allowable by statute, so long as the defendant was made aware of that maximum. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002); *United States v. Saenz*, 969 F.2d 294, 297 (7th Cir.1992). But that was not the situation here. Cox was correctly informed that he faced at most ten years of imprisonment—five years for each count to which he pleaded guilty. He was sentenced to consecutive prison terms of 55 months and three years of supervised release—a combined amount well in excess of ten years.

But because Cox did not object to this omission either, our review would again be for plain error only. *Vonn*, 122 S.Ct. at 1046. To establish plain error Cox would have to show "not only that [he] would not have pleaded guilty in the absence of the district court's error, but also some reason to believe that [he] should not be convicted." *United States v. Driver*, 242 F.3d 767, 771 (7th Cir.2001). Because there is no indication that the court's oversight had any effect on Cox's decision to plead guilty, and because there was overwhelming evidence of Cox's guilt, we conclude that a challenge based on this omission would be frivolous.

Counsel also considers whether Cox could challenge his prison sentences on appeal. She focuses primarily on three findings made by the district court: the amount of loss attributed to Cox; a four-level upward adjustment for his role as leader, U.S.S.G. § 3B1.1(a); and not awarding a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. Cox, in his response, also challenges the amount of loss and the finding of his role as leader; however, he offers no arguments for his contentions that they were incorrect. We would review all three factual determinations for clear error. *Schuh*, 289 F.3d at 972; *United States v. Sierra*, 188 F.3d 798, 803–04 (7th Cir. 1999).

First, the probation officer estimated the amount of loss to be in the range of $1.5 million to $2.5 million. But after hearing testimony regarding Cox's scheme and examining the evidence linking Cox to the transactions, the district court determined that the losses attributable to Cox were in the range of $800,000 to $1 million. The court also set restitution at $999,709.45, which was the amount that Western Union's Director of Fraud Management testified had actually been paid out in the transactions linked to Cox. Cox objected but offered no evidence with which to challenge this finding. Second, in finding that Cox was the leader of the scheme, the court relied on the fact that he was the only defendant involved in all of the transactions and statements by the other defendants that he recruited them, told them what to do, and kept most of the money for himself. Third, in denying Cox the acceptance-of-responsibility reduction, the court noted the while Cox pleaded guilty to two counts he still continued to deny the full extent of his involvement in the scheme. Given that adequate evidence and reasons supported these three findings by the district court, we agree with counsel that a challenge to any of them would be frivolous.

Also with respect to sentencing, counsel considers whether Cox could raise a challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). But Cox's statutory maximum was not affected by a factual finding. The district court made findings to set the amount of Cox's restitution—but restitution does not raise a potential *Apprendi* issue because there is no statutory maximum. *See United States v. Vera*, 278 F.3d 672, 673 (7th Cir.2002).

Finally, Cox suggests that a nonfrivolous issue for appeal is whether the government's factual basis impermissibly amended his indictment. This issue is frivolous because there was no variance—he pleaded guilty to the same crimes and conduct charged in the indictment. Also, such an issue would be waived on appeal because in pleading guilty Cox waived challenges to all nonjurisdictional defects. *United States v. Elizalde–Adame*, 262 F.3d 637, 639 (7th Cir.2001). In any event, Cox's argument here seems to be based on his mistaken belief that the substantive offense he was charged with was aiding and abetting (because the indictment mentions 18 U.S.C. § 2). But aiding and abetting is not itself a substantive offense, *see Schuh*, 289 F.3d at 976; the offense he was charged with was wire fraud, 18 U.S.C. § 1343, to which he pleaded guilty.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.